UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------
CASSANDRA ALESIA P.,

                              Plaintiff,          <u>DECISION AND ORDER</u>
                                                  1:23-CV-10233-GRJ

              v.

COMMISSIONER OF SOCIAL SECURITY,

                              Defendant.
-------------------------------------------------------
GARY R. JONES, United States Magistrate Judge:

       In October of 2017, Plaintiff Cassandra Alesia P.[1] applied for

Supplemental Security Income Benefits under the Social Security Act. The

Commissioner of Social Security denied the application, in part.  Plaintiff,

represented by Osborn Law, P.C., Daniel Adam Osborn, Esq., of counsel,

commenced this action seeking judicial review of the Commissioner's

denial of benefits under 42 U.S.C. §§ 405 (g) and 1383 (c)(3).  The parties

consented to the jurisdiction of a United States Magistrate Judge. (Docket

No. 10).

       This case was referred to the undersigned on January 30, 2025.

Presently pending is Plaintiff's Motion for Judgment on the Pleadings

---

[1] Plaintiff's name has been partially redacted in compliance with Federal Rule of Civil
Procedure 5.2 (c)(2)(B) and the recommendation of the Committee on Court
Administration and Case Management of the Judicial Conference of the United States.

pursuant to Rule 12 (c) of the Federal Rules of Civil Procedure. (Docket

No. 19). For the following reasons, Plaintiff's motion is due to be denied,

the Commissioner is granted judgment on the pleadings, and this case is

dismissed.

## I.  BACKGROUND

### A.    Administrative Proceedings

Plaintiff applied for benefits on October 7, 2017, alleging disability

beginning May 5, 2017. (T at 15, 190-11).[2]  Plaintiff's application was

denied initially and on reconsideration.  She requested a hearing before an

Administrative Law Judge ("ALJ").

A hearing was held on April 3, 2019, before ALJ Gloria Pellegrino. (T

at 56-92).  On June 4, 2019, ALJ Pellegrino issued a decision denying the

application for benefits. (T at 8-24).  The Appeals Council denied Plaintiff's

request for review on July 13, 2020. (T at 1-7).

Plaintiff commenced an action in the United States District Court for

the Southern District of New York seeking judicial review on September 15,

2020.  On November 21, 2021, the Honorable Sarah L. Cave, United

States Magistrate Judge, approved a stipulation remanding the matter for

---

[2] Citations to "T" refer to the administrative record transcript at Docket No. 14, 15.

further administrative proceedings. (T at 710-12).  The Appeals Council
entered a remand order on April 27, 2022. (T at 706-707).

A further administrative hearing was held on February 18, 2023,
before ALJ John Carlton. (T at 1396-1432).  Plaintiff appeared with an
attorney and testified. (T at 1403-1420). The ALJ also received testimony
from Albert Sabella, a vocational expert. (T at 1421-1431).

B.    ALJ's Decision

On August 2, 2023, ALJ Aaron Morgan[3] issued a decision denying, in
part, the application for benefits. (T at 650-670).  The ALJ found that
Plaintiff had not engaged in substantial gainful activity since May 5, 2017
(the alleged onset date). (T at 656).  The ALJ concluded that Plaintiff's
lumbar dysfunction; cervical spine dysfunction; left knee dysfunction; left
shoulder dysfunction that required surgical repair; post fracture right
humerus; bilateral ulnar neuropathy; left-sided carpal tunnel syndrome;
diabetes with neuropathy; and obesity were severe impairments as defined
under the Social Security Act. (T at 656-57).

---

[3] There is no explanation in the record for the fact that ALJ Morgan rendered the
decision after ALJ Carlton presided at the second administrative hearing.

However, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 CFR Part 403, Subpart P, Appendix 1. (T at 658).

At step four of the sequential analysis the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform light work, as defined in 20 CFR 416.967 (b), with the following limitations: she cannot climb ladders, ropes or scaffolds; she can occasionally climb ramps and stairs, can occasionally balance, and frequently handle, finger and feel bilaterally; she cannot reach overhead bilaterally, and she cannot work at unprotected heights or around dangerous machinery. (T at 659).

The ALJ concluded that Plaintiff could not perform her past relevant work as a cleaner. (T at 668).

However, considering Plaintiff's age (an individual closely approaching advanced age on the alleged onset date, an individual of advanced age as of August 23, 2021), education (at least high school), work experience, and RFC, the ALJ determined that there were jobs that existed in significant numbers in the national economy that Plaintiff could have performed prior August 23, 2021, when her age category changed. (T at 668).

The ALJ concluded that since August 23, 2021, there are no jobs that exist in significant numbers in the national economy that Plaintiff can perform. (T at 669).

As such, the ALJ found that Plaintiff was not under a disability, as defined under the Social Security Act, and was not entitled to benefits for the period between May 5, 2017 (the alleged onset date) and August 22, 2021 (the date prior to her change in age category), but was disabled and entitled to benefits as of August 23, 2021. (T at 668-69).  ALJ Morgan's decision is considered the Commissioner's final decision.

C.    *Procedural History*

Plaintiff commenced this action, by and through her counsel, by filing a Complaint on November 21, 2023. (Docket No. 1).  On August 17, 2024, Plaintiff filed a motion for judgment on the pleadings, supported by a memorandum of law. (Docket Nos. 19, 20).  The Commissioner interposed a brief in opposition to the motion and in support of a request for judgment on the pleadings, on November 25, 2024. (Docket No. 26).

## II.  APPLICABLE LAW

A.    *Standard of Review*

"It is not the function of a reviewing court to decide de novo whether a claimant was disabled."  *Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir. 1999).

The court's review is limited to "determin[ing] whether there is substantial evidence supporting the Commissioner's decision and whether the Commissioner applied the correct legal standard." *Poupore v. Astrue*, 566 F.3d 303, 305 (2d Cir. 2009) (per curiam).

The reviewing court defers to the Commissioner's factual findings, which are considered conclusive if supported by substantial evidence. *See* 42 U.S.C. § 405(g). "Substantial evidence" is "more than a mere scintilla" and "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Lamay v. Commissioner of Soc. Sec.*, 562 F.3d 503, 507 (2d Cir. 2009) (internal quotations omitted) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

"In determining whether the agency's findings are supported by substantial evidence, the reviewing court is required to examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (internal quotations omitted).

"When there are gaps in the administrative record or the ALJ has applied an improper legal standard," or when the ALJ's rationale is unclear, remand "for further development of the evidence" or for an explanation of

the ALJ's reasoning is warranted.  *Pratts v. Chater*, 94 F.3d 34, 39 (2d Cir.

1996).

B.    *Five-Step Sequential Evaluation Process*

Under the Social Security Act, a claimant is disabled if he or she

lacks the ability "to engage in any substantial gainful activity by reason of

any medically determinable physical or mental impairment which can be

expected to result in death or which has lasted or can be expected to last

for a continuous period of not less than 12 months ...."  42 U.S.C. §

423(d)(1)(A).

A claimant's eligibility for disability benefits is evaluated pursuant to a

five-step sequential analysis:

1. The Commissioner considers whether the claimant is
currently engaged in substantial gainful activity.

2. If not, the Commissioner considers whether the claimant has
a "severe impairment" which limits his or her mental or physical
ability to do basic work activities.

3. If the claimant has a "severe impairment," the Commissioner
must ask whether, based solely on medical evidence, claimant
has an impairment listed in Appendix 1 of the regulations. If the
claimant has one of these enumerated impairments, the
Commissioner will automatically consider him disabled, without
considering vocational factors such as age, education, and
work experience.

4. If the impairment is not "listed" in the regulations, the
Commissioner then asks whether, despite the claimant's severe

impairment, he or she has residual functional capacity to perform his or her past work.

5. If the claimant is unable to perform his or her past work, the Commissioner then determines whether there is other work which the claimant could perform.

*See Rolon v. Commissioner of Soc. Sec.*, 994 F. Supp. 2d 496, 503 (S.D.N.Y. 2014); *see also* 20 C.F.R. §§ 404.1520(a)(4)(i)–(v), 416.920(a)(4)(i)–(v).

The claimant bears the burden of proof as to the first four steps; the burden shifts to the Commissioner at step five. *See Green-Younger v. Barnhart*, 335 F.3d 99, 106 (2d Cir. 2003). At step five, the Commissioner determines whether the claimant can perform work that exists in significant numbers in the national economy. *See Butts v. Barnhart*, 416 F.3d 101, 103 (2d Cir. 2005); 20 C.F.R. § 404.1560(c)(2).

## III.  DISCUSSION

Plaintiff raises two main arguments in support of her request for reversal of the unfavorable portion of the ALJ's decision.  First, she argues that the ALJ erred in addressing her headaches at step two of the sequential evaluation.  Second, Plaintiff contends that the ALJ's assessment of her RFC is not supported by substantial evidence.  The Court will address both arguments in turn.

A.    *Headaches*

At step two of the sequential evaluation process, the ALJ must determine whether the claimant has a severe impairment that significantly limits his or her physical or mental ability to do basic work activities. *See* 20 C.F.R. §§ 404.1520(c), 416.920(c).

The following are examples of "basic work activities": "walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling ... seeing, hearing, and speaking ... [u]nderstanding, carrying out, and remembering simple instructions ... [u]se of judgment ... [r]esponding appropriately to supervision, co workers and usual work situations." *Gibbs v. Astrue*, No. 07-Civ-10563, 2008 WL 2627714, at *16 (S.D.N.Y. July 2, 2008); 20 C.F.R. § 404.1521(b)(l) (5).

Although the Second Circuit has held that step two is limited to "screen[ing] out de minimis claims," *Dixon v. Shalala*, 54 F.3d 1019, 1030 (2d Cir.1995), the "mere presence of a disease or impairment, or establishing that a person has been diagnosed or treated for a disease or impairment" is not, by itself, sufficient to render a condition "severe." *Coleman v. Shalala*, 895 F.Supp. 50, 53 (S.D.N.Y.1995).

Indeed, a "finding of 'not severe' should be made if the medical evidence establishes only a 'slight abnormality' which would have 'no more

than a minimal effect on an individual's ability to work.'" *Rosario v. Apfel*,

No. 97-CV-5759, 1999 WL 294727 at \*5 (E.D.N.Y. March 19,1999) (quoting

*Bowen v. Yuckert*, 482 U.S. 137, 154 n. 12 (1987)).

    In the present case, although the ALJ found that Plaintiff had several

severe impairments (T at 656-57) the ALJ also determined that certain

other impairments, including migraine headaches, were non-severe. (T at

657).  Plaintiff challenges this aspect of the ALJ's decision.

    The Court concludes that the ALJ's conclusion is supported by

substantial evidence.  Although Plaintiff was diagnosed with migraine

headaches, a computerized tomography (CT) scan of her head was

unremarkable, and a magnetic resonance imaging (MRI) scan of her brain

showed only age-related changes. (T at 282, 657, 862).  The treatment

record includes some complaints of headaches, but typically in connection

with neck pain radiating to the head. (T at 304-05, 657).

    What's  more, Plaintiff did not identify migraines as a medical

condition limiting her ability to work on her SSI application (T at 230, 272)

and did not testify about headaches when asked about why she believed

she was unable to work (T at 1414).

    Dr. Laiping Xie, the consultative examiner, opined that Plaintiff might

"experience schedule interruption for diagnosis of migraine headaches." (T

at 973). The ALJ, however, reasonably found Dr. Xie's opinion unsupported by the record, as outlined above, and inconsistent with Plaintiff's own statement to the examiner that her migraines were relieved by Mortin. (T at 970).

The foregoing evidence and analysis are more than sufficient to sustain the ALJ's step two determination under the deferential standard of review applicable here.  *See McGinley v. Comm'r of Soc. Sec.*, No. 1:18-CV-129-TPK, 2019 WL 2089832, at *5 (W.D.N.Y. May 13, 2019)("The ALJ both correctly summarized and adequately discussed the treatment records, which are somewhat sparse, and determined, based on that evidence, that Plaintiff's headaches were adequately controlled to the point that they did not interfere with his ability to work, at least beyond those limitations contained in the ALJ's residual functional capacity finding."); *Christine M. v. Comm'r of Soc. Sec.*, No. 1:20-CV-01226-MJR, 2022 WL 130900, at *8 (W.D.N.Y. Jan. 14, 2022)("Although plaintiff argues that the evidence warranted additional RFC restrictions for migraines, she has not supported her conclusion with reference to any evidence that the ALJ overlooked or improperly discredited."); *see also Grant v. Saul*, No. 3:18-CV-00261 (KAD), 2020 WL 1307106, at *5 (D. Conn. Mar. 18, 2020).

## B.    RFC Determination

A claimant's "residual functional capacity" ("RFC") is his or her "maximum remaining ability to do sustained work activities in an ordinary work setting on a continuing basis." *Melville*, 198 F.3d at 52 (quoting SSR 96-8p).

When assessing a claimant's RFC, an ALJ must consider medical opinions regarding the claimant's functioning and decide based on an assessment of the record as a whole. *See* 20 C.F.R. §§ 404.1527(d)(2), 416.9527(d)(2) ("Although we consider opinions from medical sources on issues such as ...your residual functional capacity...the final responsibility for deciding these issues is reserved to the Commissioner.").

As noted above, the ALJ concluded that Plaintiff retained the RFC to perform a reduced range of light work, as defined in 20 CFR 416.967 (b). (T at 659). Plaintiff argues that remand is necessary because the ALJ did not provide a function-by-function assessment of her work-related abilities, as required under SSR 96-8p.[4]

---

[4] The work-related functions include physical abilities (standing, sitting, walking, lifting, carrying, pushing, pulling), mental abilities (understanding, remembering, carrying out instructions, and responding to supervision), and other abilities that may be impacted by impairments (seeing, hearing, ability to tolerate environmental factors). *See* SSR 96-8P; see also 20 C.F.R. § 404.1545(b)-(d); id. § 416.945; *Cichocki*, 729 F.3d at 176.

The lack of an explicit function-by-function assessment does not require remand where, as here, the ALJ performed a thorough review and reached a decision supported by substantial evidence. *See O'Connell v. Kijakazi*, No. 18-CV-10546 (AEK), 2021 WL 4480464, at *9 (S.D.N.Y. Sept. 30, 2021); *Cichocki v. Astrue*, 729 F.3d 172, 176-77 (2d Cir. 2013) ("Where an ALJ's analysis … regarding a claimant's functional limitations and restrictions affords an adequate basis for meaningful judicial review, applies the proper legal standards, and is supported by substantial evidence such that additional analysis would be unnecessary or superfluous, we agree with our sister Circuits that remand is not necessary merely because an explicit function-by-function analysis was not performed.").

Plaintiff also contends that the ALJ failed to properly assess the medical opinion evidence, which undermines the RFC determination.

The Court finds the ALJ's assessment of the medical opinion evidence, and RFC determination, supported by substantial evidence and consistent with applicable law. *See Trepanier v. Comm'r of SSA*, 752 Fed. Appx. 75, 79 (2d Cir. 2018)(the ALJ may reach a determination that "does not perfectly correspond with any of the opinions of medical sources,"

provided the overall assessment is supported by substantial evidence and consistent with applicable law). Here's why.

Dr. Lyudmila Trimba performed a consultative examination in March of 2018. She diagnosed history of coronary artery disease, heart attack (in 2006), diabetes, left carpal tunnel syndrome, left wrist pain, lower back pain, and left knee pain. (T at 307).

Dr. Trimba assessed mild limitation in Plaintiff's ability to sit for prolonged periods; mild to moderate limitation with respect to standing and walking for prolonged periods; moderate limitation in climbing steps, pushing, pulling, or carrying heavy objects. (T at 307-308). Dr. Trimba believed Plaintiff should avoid squatting, kneeling, and activities that required fine hand manipulation. (T at 308).

The ALJ found Dr. Trimba's opinion "somewhat persuasive." (T at 666). The ALJ noted that Dr. Trimba's assessment was not fully supported by her own clinical findings, which evidenced that Plaintiff had full range of motion in the cervical and lumbar spine, with negative straight leg raise testing, full range of motion in the shoulders, elbows, forearms, ankles, and right wrist, right hip, and right knee, with limited range of motion in the left wrist and left hip. (T at 306).

Regarding Dr. Trimba's restriction against fine hand manipulation, the ALJ found this inconsistent with the fact that Plaintiff demonstrated full strength in the upper and lower extremities, full grip strength in the right hand, and slightly diminished (4+/5) strength in left hand, and reported that she could zip zippers, button buttons, and tie laces with minimal difficulty. (T at 307).

The ALJ found the limitations Dr. Trimba assessed regarding kneeling and squatting inconsistent with other opinion evidence of record. As discussed below, Dr. Xie concluded that Plaintiff could frequently kneel and Dr. Jarbath opined that Plaintiff could occasionally climb, bend, balance, stoop, crouch, kneel, and crawl. (T at 666-67, 980).

In May of 2018, Dr. A. Lee, M.D., a non-examining State Agency review physician, reviewed the record and opined that Plaintiff could perform a range of light work, including occasionally lifting or carrying up to 20 pounds and frequently up to 10 pounds; stand or walk about six hours; sit about six hours in an eight-hour workday; frequently climb ramps and stairs; occasionally climb ladders, ropes, scaffolds; and occasionally stoop, kneel, crouch, and crawl. (T at 98-99).

The ALJ found this opinion persuasive because it was generally supported by the record but determined that subsequent evidence required

the incorporation of additional limitation with respect to reaching overhead. (T at 666).

"'[S]tate agency physicians are qualified as experts in the evaluation of medical issues in disability claims,' and as such, 'their opinions may constitute substantial evidence if they are consistent with the record as a whole.'" *Distefano v. Berryhill*, 363 F. Supp. 3d 453, 474 (S.D.N.Y. 2019)(quotation omitted); *see also Baker o/b/o Baker v. Berryhill*, No. 1:15-CV-00943-MAT, 2018 WL 1173782, at *2 (W.D.N.Y. Mar. 6, 2018)("Where an ALJ makes an RFC assessment that is *more* restrictive than the medical opinions of record, it is generally not a basis for remand.")(emphasis in original)(collecting cases); *Rosa v. Callahan*, 168 F.3d 72, 29 (2d Cir. 1999)(noting that "the ALJ's RFC finding need not track any one medical opinion").

In April of 2019, Dr. John Jarbath, Plaintiff's treating podiatrist, completed a form in which he noted diagnoses of type II diabetes with neuropathy and pain in left lower leg. (T at 346). Dr. Jarbath opined that Plaintiff could constantly lift or carry up to five pounds; frequently lift or carry up to 10 pounds; stand or walk up to two hours in an eight-hour workday with no sitting limitation; occasionally climb, bend, balance, stoop, crouch, kneel, and crawl; occasionally reach, push, and pull; constantly

16

feel/handle; and needed to avoid temperature extremes, humidity, and vibration. (T at 346-47).

The ALJ concluded that Dr. Jarbath's assessment of Plaintiff's ability to stand, walk, reach, and lift were not "entirely persuasive." (T at 666).

The ALJ found the limitations outlined by Dr. Jarbath inconsistent with treatment notes showing that Plaintiff had intact sensation and normal motor strength in the upper and lower extremities. (T at 371, 395, 439, 442, 448). *See Aguirre v. Saul*, No. 20 Civ. 4648 (GWG), 2021 U.S. Dist. LEXIS 203693, at *20-21 (S.D.N.Y. Oct. 22, 2021) (finding that ALJ "properly concluded" that treating physician's medical opinion "lacked support" from his own treatment notes); 20 C.F.R. § 404.1520c(c)(1) ("The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) . . . the more persuasive the medical opinions . . . will be."); *see generally Sanders v. Comm'r of Soc. Sec.*, No. 20-cv-2229 (ALC), 2021 U.S. Dist. LEXIS 174598, at *50 (S.D.N.Y. Sep. 14, 2021)(affirming ALJ's decision to discount treating physician's assessment of disabling arthritis symptoms based on, *inter alia*, treatment notes showing normal motor strength, no tenderness, no significant neurological deficits or muscle weakness)

In addition, the ALJ noted that Dr. Jarbath did not provide clinical findings to support his opinion. (T at 666). *See Colgan v. Kijakazi*, No. 20-3297, 2022 U.S. App. LEXIS 53, at *12 (2d Cir. Jan. 3, 2022)("[A] treating physician's medical opinion is not entitled to controlling weight where it is provided in a check-box form and is unaccompanied by meaningful medical evidence in the administrative record."); *Halloran v. Barnhart*, 362 F.3d 28, 31 n.2 (2d Cir. 2004)(describing "standardized form" as "only marginally useful for purposes of creating a meaningful and reviewable factual record"); *Heaman v. Berryhill*, 765 F. App'x 498, 501 (2d Cir. 2019) (affirming ALJ's decision to discount treating physicians' opinions provided via "checkbox forms" that "offer[ed] little or nothing with regard to clinical findings and diagnostic results" and "were inconsistent with . . . findings reflected in the doctors' notes").

Dr. Laiping Xie performed a consultative examination in March of 2023. As discussed above, Dr. Xie opined that Plaintiff could experience interruptions to her schedule due to migraine headaches. (T at 974). He also assessed moderate limitations for lifting, carrying, pulling, pushing, and reaching overhead and moderate-to-marked limitations for prolonged standing, walking, climbing stairs, squatting, and bending. (T at 974).

Dr. Xie also completed a questionnaire in which the physician opined that Plaintiff could frequently lift or carry up to 10 pounds, sit for two hours at a time and eight hours total in a workday, stand for 30 minutes at a time and one hour total, and walk for 5-10 minutes at a time and 30-40 minutes total. (T at 978-79).

Dr. Xie reported that Plaintiff needed a cane to ambulate and could walk about two blocks. (T at 979). Dr. Xie assessed that Plaintiff could frequently reach overhead with the left hand; occasionally handle, finger, feel, push, and pull with the left hand; continuously reach, handle, finger, push, and pull with the right hand; frequently operate foot controls; and frequently kneel, crouch, and crawl. (T at 980-81).

Dr. Xie believed Plaintiff could never climb ladders or scaffolds or stoop; occasionally climb ramps and stairs or balance; could frequently be exposed to unprotected heights; occasionally be exposed to humidity and wetness, dust, odors, fumes, and pulmonary irritants, and vibrations; but never be exposed to moving mechanical parts, operating a motor vehicle, or extreme temperatures. (T at 981-82).

The ALJ found Dr. Xie's assessment only "somewhat persuasive." (T at 667). As discussed above, the ALJ concluded that the limitation related

to migraines was unsupported by the record, including the treatment history and Plaintiff's self-reports. (T at 657).

Regarding Dr. Xie's conclusion that Plaintiff required a cane, the ALJ noted that Plaintiff appeared at Dr. Xie's examination without a cane or walker and demonstrated normal gait both to Dr. Xie and in other treatment records. (T at 856, 861, 863, 912, 972). In addition, while Dr. Xie assessed limitations in Plaintiff's ability to use her left hand, Dr. Xie's own examination evidenced intact hand and finger dexterity and full grip strength bilaterally. (T at 973).

The ALJ also noted internal inconsistencies in Dr. Xie's opinion (T at 667) and found the more restrictive aspects of the opinion inconsistent with treatment records in which Plaintiff demonstrated intact sensation, normal motor strength in the upper and lower extremities, and full range of motion in the neck. (T at 371, 395, 439, 442, 448).

Plaintiff offers an alternative reading of the record and a different weighing of the competing medical opinions.

However, for the reasons stated above, the Court finds the ALJ's decision supported by substantial evidence and it must therefore be sustained under the deferential standard of review applicable here. *See DuBois v. Comm'r of Soc. Sec*., No. 20-CV-8422 (BCM), 2022 WL 845751,

at *8 (S.D.N.Y. Mar. 21, 2022)("To be sure, there is some evidence in the record that would support the conclusion that plaintiff had greater limitations than those the ALJ built into her RFC. But that is not the test."); *Brault v. SSA*, 683 F.3d 443, 448 (2d Cir. 2012) (per curiam)("The substantial evidence standard means once an ALJ finds facts, [a court] can reject those facts only if a reasonable factfinder would *have to conclude* otherwise.")(emphasis in original) (citation and internal quotation marks omitted).

While there is evidence that Plaintiff suffers from pain and limitation the ALJ did not dismiss that evidence and, instead, found Plaintiff limited to a reduced range of light work. (T at 659).

"[D]isability requires more than mere inability to work without pain." *Dumas v. Schweiker*, 712 F.2d 1545, 1552 (2d Cir. 1983) "Otherwise, eligibility for disability benefits would take on new meaning." *Id.*

"Moreover, a number of courts have found that 'moderate' limitations for standing, walking, sitting, and lifting are consistent with the ability to do light work." *See Jordan v. Comm'r of Soc. Sec.*, No. 16-CV-9634 (KHP), 2018 WL 1388527, at *10 (S.D.N.Y. Mar. 19, 2018)(collecting cases); *see also Guzman v. Comm'r of Soc. Sec.*, No. 21-CV-6538 (KHP), 2022 WL 3013108, at *6 (S.D.N.Y. July 29, 2022); *Katherine R. v. Comm'r of Soc.*

21

Sec., No. 1:20-CV-01055-MJR, 2021 WL 5596416, at *5 (W.D.N.Y. Nov. 30, 2021)("[C]ourts within this Circuit have consistently held that mild and moderate limitations, such as those assessed by Dr. Liu, are consistent with an RFC for light work.").

## IV.  CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Judgment on the Pleadings (Docket No. 19) is DENIED; the Commissioner is GRANTED Judgment on the Pleadings (Docket No. 19); and this case is DISMISSED. The Clerk is directed to enter final judgment in favor of the Commissioner and then close the file.

Dated: February 14, 2025                    s/ Gary R. Jones
                                            GARY R. JONES
                                            United States Magistrate Judge